# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR266 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROBERT L. TAYLOR, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 53) and the motion for leave to proceed in forma pauperis (Filing No. 54) filed by the Defendant, Robert L. Taylor. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Taylor pleaded guilty to a one-count Indictment charging him with possession with intent to distribute 50 grams or more of a mixture containing cocaine base. He also pleaded guilty to the forfeiture allegation. There was no plea agreement. In completing his Petition to Enter a Plea of Guilty under oath, Taylor stated: he was satisfied with the representation of his attorney, William Gallup[1]; he understood the statutory penalty was 10

---

[1] Previously Taylor was represented by Assistant Federal Public Defender Karen Shanahan. However, Taylor's motion appears to concern the representation of Mr. Gallup.

years to life[2]; and he understood the mandatory minimum punishment would be 10 years.[3] The mandatory minimum sentence of 120 months was imposed, and a direct appeal was not filed. Taylor's timely § 2255 motion followed.

## DISCUSSION

**I.     § 2255 Motion**

Taylor argues that his attorney was ineffective for: advising Taylor that he faced no more than 5 years imprisonment; telling Taylor that he would file a direct appeal, which he did not do; and advising Taylor that the crack cocaine amendment to the sentencing guideline "applied" but was not retroactive, resulting in no benefit to Taylor.

In order to establish ineffective assistance of counsel, Taylor must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

---

[2]The answer to the question "[w]hat is the maximum term of imprisonment" was originally "40 years." That answer was crossed out and replaced by the words "10 years to life." The change was initialed by Taylor, his attorney, and the government's attorney. (Filing No. 38, ¶ 13(a).)

[3]Similarly, the answer to the question regarding the minimum punishment was originally 5 years. The original answer was crossed out, replaced by "10 years," and initialed by Taylor and both attorneys. (Filing No. 38, ¶ 13(b).)

A.   **Mandatory Minimum Sentence**

Taylor apparently was originally advised that the mandatory minimum sentence was 5 years. However, the record shows that the plea petition was amended with Taylor's knowledge and approval, at the change-of-plea hearing, to reflect the correct mandatory minimum sentence of 10 years. Therefore, Taylor cannot prove either prong of the *Strickland* test with respect to this claim. The claim is denied.

B.   **Notice of Appeal**

Taylor argues that his attorney stated that he would file a notice of appeal. No appeal was filed. The government will be ordered to answer this claim.

C.   **Crack Cocaine Amendments**

Taylor argues that he was advised that the "crack law did apply but was not retroactive. Yet the defendant has not received any benefit." (Filing No. 53, at 4.) Taylor apparently refers to the amendments to the sentencing guidelines that will take effect on November 1, 2011. Taylor may file a motion for a review of his sentence based on the amendments, and his motion will be considered. Therefore, with respect to this claim Taylor cannot prove either *Strickland* prong. The claim is denied.

II.   **In Forma Pauperis Motion**

Taylor's motion for leave to proceed in forma pauperis will be held in abeyance and considered when the Court revisits his § 2255 motion on the merits.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 53);

2. The Court summarily dismisses the Defendant's claims raised in the § 2255 motion regarding the (1) mandatory minimum sentence and (2) the crack cocaine amendments to the sentencing guidelines;

3. The Court finds that summary dismissal of the claim regarding the filing of a notice of appeal is not required;

4. On or before September 23, 2011, the United States shall file an Answer to the claim regarding the filing of a notice of appeal raised in the Defendant's § 2255 motion and support its Answer with a brief; and

5. On or before October 24, 2011, the Defendant may file a responsive brief; and

6. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 22nd day of August, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge